21-2460-cv
*Loughlin v. Goord*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect.  Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1.  When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order").  A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of October, two thousand twenty-two.

PRESENT:    JON O. NEWMAN,
            JOSÉ A. CABRANES,
            JOSEPH F. BIANCO,
                        *Circuit Judges.*

_____

SUZANNE LOUGHLIN, HARRY RHULEN, and
JAMES SATTERFIELD,

                *Plaintiffs-Appellants*,

        v.                                                           21-2460-cv

GLENN GOORD,

                *Defendant-Appellee*.

_____

**FOR PLAINTIFFS-APPELLANTS:**    EMILY REISBAUM (John McFerrin-Clancy, McFerrin-Clancy PLLC, *on the* brief), New York, NY.

**FOR DEFENDANT-APPELLEE:**    KEITH M. FLEISCHMAN (James P. Bonner, William H. Newman, and Julia Sandler, *on the brief*), Fleischman Bonner & Rocco LLP, White Plains, NY.

1

Appeal from a September 1, 2021 order and September 2, 2021 judgment entered by the United States District Court for the Southern District of New York (Lewis J. Liman, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the September 1, 2021 order and September 2, 2021 judgment of the District Court be and hereby are **AFFIRMED**.

Plaintiffs Suzanne Loughlin, Harry Rhulen, and James Satterfield—shareholders and former executives at Rekor Systems, Inc. ("Rekor")[1]—appeal the District Court's decision to dismiss their Amended Complaint ("Complaint") against Defendant Glenn Goord, a director of Rekor. In 2017, pursuant to a Purchase Agreement, Rekor purchased a company, the majority of whose shares were owned by Plaintiffs. In return, Plaintiffs were compensated, *inter alia*, with Rekor shares and warrants for Rekor shares; additionally, each Plaintiff entered into an employment agreement to become an executive at Rekor. Plaintiffs allege that after Rhulen made a whistleblower complaint to the Rekor board, Goord and others engaged in a "campaign of retaliation" against Plaintiffs. App'x 37–38, ¶¶ 39–40. Eventually, each of the Plaintiffs resigned his or her position at Rekor. When the Plaintiffs attempted to exercise their contractual warrant rights, Rekor refused to issue them shares. And on August 14, 2019, Rekor stated in a Form 10-Q filed with the Securities and Exchange Commission ("SEC") that it had earlier sent a letter to Plaintiffs describing Rekor's "position that, because the [Plaintiffs] fraudulently induced the execution of the . . . Purchase Agreement and the transactions contemplated thereby, including the issuance of the warrants, are subject to rescission." *Id.* at 43, ¶ 79.

Plaintiffs filed this suit against Goord alleging breach of fiduciary duty and libel. After Goord moved to dismiss Plaintiffs' Complaint, the District Court granted Goord's motion and dismissed the Complaint with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Loughlin v. Goord*, 558 F. Supp. 3d 126, 155 (S.D.N.Y. 2021), *reconsideration denied*, No. 20-CV-6357 (LJL), 2021 WL 4523504 (S.D.N.Y. Sept. 30, 2021).[2] Plaintiffs now appeal. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

---

[1]    Satterfield is alleged to have been an executive at a subsidiary of Rekor. For the sake of simplicity, we refer to both Rekor and its subsidiary as "Rekor."

[2]    Goord also moved to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2). The District Court denied Goord's 12(b)(2) motion, *see Goord*, 558 F. Supp. 3d at 139–42, and he does not seek review of that portion of the District Court's order.

## I. LEGAL STANDARDS

We review a district court's dismissal of a complaint under Rule 12(b)(6) *de novo*. *See, e.g.*, *Com. Cleaning Servs., L.L.C. v. Colin Serv. Sys., Inc.*, 271 F.3d 374, 380 (2d Cir. 2001). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "In addressing the sufficiency of a complaint we accept as true all factual allegations and draw from them all reasonable inferences; but we are not required to credit conclusory allegations or legal conclusions couched as factual allegations." *Rothstein v. UBS AG*, 708 F.3d 82, 94 (2d Cir. 2013).

## II. DISCUSSION

In their Complaint, Plaintiffs raised two claims: breach of fiduciary duty and libel. We address each before turning to the District Court's decision to dismiss Plaintiffs' complaint with prejudice.

### A. Breach of Fiduciary Duty

We conclude, as the District Court did, that Plaintiffs have failed to plausibly state a claim for breach of fiduciary duty. Under Delaware law, which both parties agree applies to the breach-of-fiduciary-duty claim, to succeed on such a claim, a plaintiff must show "(1) that a fiduciary duty existed and (2) that the defendant breached that duty." *Beard Rsch., Inc. v. Kates*, 8 A.3d 573, 601 (Del. Ch.), *aff'd sub nom. ASDI, Inc. v. Beard Rsch., Inc.*, 11 A.3d 749 (Del. 2010). As to the existence of a fiduciary duty, Plaintiffs are correct that as stockholders, Goord—a director of Rekor—owed them a fiduciary duty under Delaware law. *Malone v. Brincat*, 722 A.2d 5, 10 (Del. 1998). But Plaintiffs' principal complaint is that Goord failed to honor the warrants in the Purchase Agreement separately entered into by Plaintiffs and Rekor.[3] Delaware law makes clear that "[t]he holders of . . .

---

[3]     The District Court noted that "[t]hough the . . . Complaint describes several incidents allegedly related to the overall retaliation campaign against them, Plaintiffs at oral argument narrowed their claim of breach of fiduciary duty to a single decision—the decision not to honor Plaintiffs' warrants." *Goord*, 558 F. Supp. 3d at 137. On appeal, Plaintiffs object to this characterization and instead maintain that they alleged "various breaches of fiduciary duty" in addition to the alleged breach related to the warrants. Pls.' Reply Br. 3. Upon review of the oral argument transcript, District Court ECF No. 26, we cannot say that the District Court abused its discretion in concluding that Plaintiffs "narrowed" their claim to focus exclusively on the warrants and decline to disturb that conclusion. *See Brown v. City of New York*, 862 F.3d 182, 187 (2d Cir.

3

warrants . . . are not owed fiduciary duties." *In re Nine Sys. Corp. S'holders Litig.*, No. CIV.A. 3940-VCN, 2013 WL 771897, at *7 (Del. Ch. Feb. 28, 2013).

Thus, though Plaintiffs may coincidentally be stockholders, their allegations concerning Goord's failure to honor Rekor's warrant agreements pertain to Plaintiffs' status as warrant holders. The District Court properly concluded that "Plaintiffs were not owed any greater fiduciary duties with respect to the warrants because they happened to be shareholders than the owner of any other contractual right against Rekor would be owed fiduciary duties if [he or she] happened to buy a share of stock in the public markets." *Goord*, 558 F. Supp. 3d at 143; *cf. In re Nine Sys. Corp.,* 2013 WL 771897, at *8 n.73 ("[C]oncurrent stock ownership cannot be the basis for a bondholder to obtain rights that were not otherwise contractually bargained for.").[4]

## B. Libel

Next, Plaintiffs allege that Rekor's statement in its Form 10-Q—that it was Rekor's "position that, because the [Plaintiffs] fraudulently induced the execution of the . . . Purchase Agreement . . . , the entire . . . Purchase Agreement and the transactions contemplated thereby, including the issuance of the warrants, are subject to rescission," App'x 43, ¶ 79—was libelous. We conclude, as the District Court did below, that Plaintiffs have not plausibly stated a claim for libel against Goord.

Under New York law, which both parties agree applies to Plaintiffs' libel claim, a qualified privilege covers both statements "'fairly made by a person in the discharge of some public or private duty, legal or moral'" and statements encompassing "'communication[s] made by one person to another upon a subject in which both have an interest.'" *Chandok v. Klessig*, 632 F.3d 803, 814–15 (2d Cir. 2011) (quoting first *Rosenberg v. MetLife, Inc.*, 8 N.Y.3d 359, 365 (2007), and then *Liberman v.*

---

2017) ("The discretion trial courts may exercise on matters of procedure extends to a decision on whether an argument has been waived.").

[4]       In arguing otherwise, Plaintiffs place great weight on the decision of the U.S. District Court for the District of Delaware in a case filed by the same Plaintiffs against other Rekor directors and officers. *See Loughlin v. Harada*, No. 20-CV-1055 (LPS), 2021 WL 4439539 (D. Del. Sept. 28, 2021) ("*Harada I*"), *reconsideration denied*, No. 20-CV-1055 (LPS), 2022 WL 610672 (D. Del. Feb. 28, 2022) ("*Harada II*"). In that case, the court denied those defendants' motion to dismiss a similar breach-of-fiduciary-duty claim brought by Plaintiffs. The *Harada* decision does not change our analysis here. For starters, *Harada* is, of course, not binding on us. Moreover, the *Harada* court concluded that "the alleged fiduciary breaches go beyond merely blocking Plaintiffs' efforts to exercise or transfer their warrants," *Harada I*, 2021 WL 4439539, at *3 (internal quotation marks omitted), while here—as discussed at Note 3, *supra*—Plaintiffs "narrowed their claim of breach of fiduciary duty to a single decision—the decision not to honor Plaintiffs' warrants," *see Goord*, 558 F. Supp. 3d at 137; *see also Harada II*, 2022 WL 610672, at *2 (distinguishing *Harada* from the present case on that basis).

*Gelstein*, 80 N.Y.2d 429, 437 (1992)). While the New York Court of Appeals has not explicitly held that SEC filings are covered by a qualified privilege, we conclude—as the District Court did below—that the New York Court of Appeals would likely find the existence of a qualified privilege under these circumstances. *See Tantaros v. Fox News Network, LLC*, 12 F.4th 135, 142 (2d Cir. 2021) ("When faced with an unsettled interpretation of state law, we proceed by carefully predicting how the state's highest court would resolve the uncertainty or ambiguity.") (cleaned up). By communicating to Rekor's shareholders through its Form 10-Q, Goord was communicating "on [a] subject matter in which the party communicating [*i.e.*, Goord] ha[d] an interest . . . to a person having a corresponding interest." *Chandok*, 632 F.3d at 815 (cleaned up).

The existence of a qualified privilege, however, does not end the inquiry. "A qualified privilege may be overcome by a showing either of 'actual' malice (*i.e.*, knowledge of the statement's falsity or reckless disregard as to whether it was false) or of common-law malice." *Id.* As set forth in the thorough and well-reasoned decision of the District Court, Plaintiffs have failed to plead either actual malice or common-law malice. Apart from conclusory allegations that the statement in the Form 10-Q was "made with actual malice" and "with malicious intent," App'x 43–44, ¶¶ 83, 85, Plaintiffs provide no further allegations to support a conclusion that Goord acted with malice in approving the Form 10-Q. *See Rothstein*, 708 F.3d at 94 ("[W]e are not required to credit conclusory allegations or legal conclusions couched as factual allegations."). As for actual malice, Plaintiffs provide no non-conclusory allegations showing that Goord issued the Form 10-Q with knowledge of its falsity or with reckless disregard for the truth. Moreover, the Complaint fails to plausibly allege that "spite or ill will" was the "only cause for the publication" as is necessary for common-law malice to defeat the qualified privilege, *see Konikoff v. Prudential Ins. Co. of Am.*, 234 F.3d 92, 98 (2d Cir. 2000) (internal quotation marks omitted).[5] Accordingly, the District Court properly dismissed the libel claim.

## C. Dismissal with Prejudice

Finally, Plaintiffs object to the District Court's decision to dismiss their Complaint with prejudice. We review a district court's decision concerning whether or not dismissal should be with prejudice for abuse of discretion. *Cruz v. FXDirectDealer, LLC*, 720 F.3d 115, 125 (2d Cir. 2013). We conclude that the District Court acted well within its discretion in dismissing Plaintiffs' Complaint

---

[5] Plaintiffs again point to the decision of the U.S. District Court for the District of Delaware in a separate suit filed by Plaintiffs against other Rekor directors and officers. The *Harada* court concluded in that case that Plaintiffs had "alleged facts sufficient to defeat" any qualified privilege because "it is not implausible that the one and only cause for the publication of the allegedly libelous 10-Q statement was [d]efendants' spite or ill will to defame Plaintiffs." *Harada II*, 2022 WL 610672, at *3 (internal quotation marks omitted). Our *de novo* review of Plaintiffs' Complaint in this case leads us to the opposite conclusion.

with prejudice. Plaintiffs already amended their pleadings once in response to Goord's earlier motion to dismiss. *See Empire Merchants, LLC v. Reliable Churchill LLLP*, 902 F.3d 132, 146 (2d Cir. 2018). Moreover, in their opposition to Goord's motion to dismiss, Plaintiffs did not seek leave from the District Court to correct any substantive deficiencies in their Complaint.[6] "[N]o court can be said to have erred in failing to grant a request that was not made." *Cruz*, 720 F.3d at 126 (internal quotation marks omitted). In sum, we perceive no error in the District Court's decision to dismiss the Complaint with prejudice.[7]

### III. CONCLUSION

We have considered all of Plaintiffs' remaining arguments and find them to be without merit. Additionally, we note the District Court prepared a well-crafted and thorough opinion. For the foregoing reasons, therefore, we **AFFIRM** the September 1, 2021 order and September 2, 2021 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[6] In their papers opposing Goord's motion to dismiss, Plaintiffs did request leave to file a second complaint, but only "[t]o the extent that the [District] Court believes that the exhibits to [a declaration Plaintiffs submitted alongside their opposition brief] should have been exhibits to the . . . Complaint." District Court ECF No. 16, at 14.

[7] Plaintiffs argue that they should be granted leave to replead because the issue of qualified privilege as it relates to their libel claim was raised for the first time by the District Court and not addressed by the parties in their briefs. Prior to oral argument, however, the District Court issued an order notifying the parties that they "should be prepared to discuss whether the allegedly libelous statement . . . is subject to any qualified privilege and the applicability of *Chapadeau v. Utica ObserverDispatch, Inc.*, 341 N.E.2d 569 (N.Y. 1975) to that statement." District Court ECF No. 23. Even after the District Court explicitly flagged the qualified privilege issue and both parties had the opportunity to address the issue at oral argument, Plaintiffs still did not request leave to amend their Complaint or otherwise suggest that they were in possession of "additional facts or legal theories" that they might assert if given leave to amend. *See City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173, 188 (2d Cir. 2014).

6